# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RONALD STUDER | § | |
| | § | |
| v. | § | CASE NO. 4:13-CV-413 |
| | § | Judge Mazzant |
| STATE FARM LLOYDS | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Motion to Set Aside Appraisal Award (Dkt. #57) and Defendant's Motion for Summary Judgment (Dkt. #58). After reviewing the relevant pleadings, the Court finds that Plaintiff's motion to set aside the appraisal award should be denied, and Defendant's motion for summary judgment should be granted.

## BACKGROUND

The issue before the Court whether the appraisal award issued in the above-referenced case should be set aside due to mistake. On or about June 21, 2011, Plaintiff's property, including his glass solarium, was struck by hail stones during a storm (Dkt. #57 at p. 1). Plaintiff filed a claim for damage to his roof, gutters, siding, windows, skylight, and glass solarium with Defendant State Farm Lloyds ("Defendant" or "State Farm") (Dkt. #57 at p. 1). State Farm inspected the property on several occasions (Dkt. #58 at p. 4[1]; Dkt. #58, Exhibit B1). State Farm retained Rimkus Engineering to inspect the solarium and give a cause of loss (Dkt. #58 at p. 4). Rimkus inspected and photographed the property, interviewed Plaintiff, reviewed records at the Denton County Appraisal District, and reviewed measurements and pictures of the solarium

---

[1] As a preliminary issue, Plaintiff assert that Defendant's Motion for Summary Judgment is procedurally defective because it does not contain "a 'Statement on Undisputed Material Facts[.]'" (Dkt. #59 at pp. 1-2). The Court finds that Plaintiff's objection should be overruled. Defendant's Motion for Summary Judgment contains a "Relevant Background" section, which contains the facts of the present action. The Court finds that Defendant's motion is not procedurally defective, and thus, will address the motion.

(Dkt. #58 at p. 4; Dkt. #58, Exhibit B2). On May 29, 2012, Rimkus issued its report, and found, in part, the following:

1. Cracks and separation in the sealant of the metal frame joints and along the edges of the metal frame components were due to long-term exposure to weather and normal wear and tear, but were not consistent with having been caused by hail.
2. The water shedding ability of the solarium had been compromised due to long-term deterioration of the sealant and the rubber seal. Hail did not cause damage to the sealant and the rubber seal.
3. Hail did not compromise the water shedding ability of the solarium.
4. The cracked and missing exterior glass panels were consistent with having been caused by impact forces from unknown objects and not consistent with hail damage.
5. The missing layer of the glass panel on the underside of the solarium roof was consistent with a suspected past impact from an unknown object inside the solarium. Hail did not cause the breaking of the inner glass pane.

(Dkt. #58, Exhibit B2 at p. 2). On June 12, 2012, State Farm discussed the Rimkus Report with Plaintiff; Plaintiff disagreed with the findings (Dkt. #58 at p. 5). State Farm covered the hail damage to the roof, gutters, siding, windows, and skylight, but denied coverage as to the glass solarium, claiming that the damage was due to manufacturing defects that pre-dated the storm (Dkt. #57 at p. 1).

On June 18, 2013, Plaintiff filed his Original Petition in the 362nd Judicial District of Denton County, Texas (Dkt. #2). The case was later removed to this Court on July 22, 2013 (Dkt. #1). On April 30, 2014, Plaintiff filed his Second Amended Complaint, in which he asserted the following claims: (1) breach of contract; (2) prompt payments of claims; and (3) bad faith violations under § 541.051 of the Texas Insurance Code (Dkt. #33).

On June 6, 2014, Plaintiff invoked the appraisal provision of his State Farm insurance policy, and appointed his appraiser, Ray Choate ("Choate") (Dkt. #57 at p. 1; Dkt. #57, Exhibit

A). Plaintiff invoked his right to appraisal under the standard State Farm policy language, which stated as follows:

> 4. **Appraisal**. If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

(Dkt. #57, Exhibit A at p. 1). On June 26, 2014, State Farm agreed to participate in an appraisal, limited to the glass solarium, and appointed its appraiser, Timothy Lozos ("Lozos") (Dkt. #57 at pp. 1-2; Dkt. #57, Exhibit B). On July 30, 2014, the Court appointed the Hon. Karen Gren Scholer, State District Judge (ret.), as the umpire in the action (Dkt. #45).

Each appraiser's estimate was submitted to the umpire in accordance with the insurance policy (Dkt. #57 at p. 2). Lozos submitted an estimate to the umpire to repair the solarium at a cost of $2,420.78 (Dkt. #57 at p. 2; Dkt. #60 at p. 1; *see* Dkt. #57, Exhibit C). Choate submitted his estimate to the umpire to repair the solarium at a cost of $62,578[2] (Dkt. #57 at p. 2; Dkt. #57, Exhibit D). On March 20, 2015, the umpire issued her award, in which she awarded a total of $2,420.78 (Dkt. #57, Exhibit E). The umpire and Lozos signed the appraisal award (Dkt. #57, Exhibit E).

---

[2] Plaintiff asserts that Choate's estimate was at a cost of $75,093.60; however, upon the Court's review of Choate's appraisal it appears that his estimate to repair the glass solarium was at a cost of $62,578 (*see* Dkt. #60 at p. 1).

After the award was issued, Choate contacted Binswanger Glass, who was used by Lozos in his estimate, and "requested they inspect the property and provide a repair estimate for the wind and hail damages to the solarium." (Dkt. #57 at p. 2). After they inspected the solarium, Binswanger determined that its cost of the repair would be $84,602 (*see* Dkt. #57, Exhibit F1).

On February 10, 2016, Plaintiff filed his Motion to Set Aside Appraisal Award (Dkt. #57). On March 2, 2016, State Farm filed its response (Dkt. #60).

Also on February 10, 2016, Defendant filed its Motion for Summary Judgment (Dkt. #58). On February 24, 2016, Plaintiff filed his response (Dkt. #59). On March 9, 2016, Defendant filed its reply (Dkt. #61).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary

judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

*Plaitniff's Motion to Set Aside Appraisal (Dkt. #57)*

As a preliminary matter, State Farm objects to the Choate Affidavit (Dkt. #57, Exhibit F) as Choate's testimony is speculative, vague, and conclusory (Dkt. #60 at p. 7). State Farms also contends that the Court should strike the affidavit because it is irrelevant, as Choate was not a signatory to the appraisal award (Dkt. #60 at p. 7). To the extent that the Court considered the

Choate Affidavit for purposes of this motion, the Court finds that State Farm's objections should be overruled.

State Farm also objects to the Binswanger bid proposal (Dkt. #57, Exhibit F-1), and asserts that it is irrelevant and constitutes hearsay (Dkt. #60 at p. 7). To the extent that the Court relies upon the Binswanger bid proposal, it finds that State Farm's objections should be overruled.

In a diversity case, state law provides the elements of the case pursuant to the substantive law of the forum state. *Thrash v. State Farm Fire & Cas. Co.*, 992 F.2d 1354, 1356 (5th Cir. 1993). "Therefore the Court looks to final decisions by the Texas Supreme Court or, where there are none, attempts to determine as best as it can what that high court would decide about an issue by examining decisions of intermediate appellate state courts." *United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, 101 F. Supp. 3d 584, 591 (S.D. Tex. 2015) (citing *James v. State Farm Mut. Auto. Ins. Co.*, 719 F.3d 447, 451 (5th Cir. 2013) (citing *Westlake Petrochemicals, L.L.C. v. United Polychemical, Inc.*, 688 F.3d 232, 238 n. 5 (5th Cir. 2012); *Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000))).

The Texas Supreme Court has long recognized the validity of appraisal provisions. *Hudgens v. Allstate Tex. Lloyd's*, No. H-11-2716, 2012 WL 2887219, at *8 (S.D. Tex. July 13, 2012) (citing *Scottish Union & Nat'l Ins. Co. v. Clancy*, 8 S.W. 630, 631 (Tex. 1888)). Under Texas law, "'appraisal awards made pursuant to the provisions of an insurance contract are binding and enforceable, and every reasonable presumption will be indulged to sustain an appraisal award.'" *JM Walker LLC v. Acadia Ins. Co.*, 356 F. App'x 744, 746 (5th Cir. 2009) (quoting *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.)). "The effect of an appraisal provision is to estop one party from

contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court." *Franco*, 154 S.W.3d at 786 (citing *Wells v. Am. States Preferred Ins. Co.*, 919 S.W.2d 679, 683-85 (Tex. App.—Dallas 1996, writ denied)); *MLCSV10 v. Stateside Enters., Inc.*, 866 F. Supp. 2d 691, 698 (S.D. Tex. 2012). "Because every reasonable presumption will be indulged to sustain an appraisal award, the burden of proof is on the party seeking to avoid the award." *Franco*, 154 S.W.3d at 786 (citing *Barnes v. W. Alliance Ins. Co.*, 844 S.W.2d 264, 267 (Tex. App.—Fort Worth 1992, writ dism'd by agr.)); *MLCSV10*, 866 F. Supp. 2d at 698. "Texas courts recognize three situations in which the results of an otherwise binding appraisal may be disregarded: (1) when the award was made without authority; (2) when the award was made as a result of fraud, accident, or mistake, or (3) when the award was not in compliance with the requirements of the policy." *Franco*, 154 S.W.3d at 786 (citing *Wells*, 919 S.W.2d at 683; *Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.2d 872, 875 (Tex. App.—San Antonio 1994, no writ)).

In the present case, Plaintiff argues that the second exception applies, or that the award was made as a result of mistake (Dkt. #57 at p. 3). Plaintiff contends that "Mr. Choate…finds that Mr. Lozos failed to use a reliable and reasonable appraisal methodology, the appraisal award does not reflect the true intention of appraisal, and had Mr. Lozos utilized a reliable and reasonable appraisal methodology, the true intention of appraisal…would have been realized (Dkt. #57 at p. 5). Additionally, Plaintiff asserts that the award should be set aside as the appraisal award was signed only by Lozos and the umpire, not Choate (Dkt. #57 at p. 5, *see* Dkt. #57, Exhibit E).

After reviewing the relevant pleadings, the Court finds that Plaintiff has not met his burden of demonstrating the award was made as a result of mistake. First, the appraisal

provision in the State Farm contract states as follows: "Written agreement signed by *any two* of these [the appraisers and/or the umpire] *shall set the amount of the loss*." (Dkt. #57, Exhibit A at p. 1). The appraisal award issued by the umpire was signed by the umpire and Lozos (Dkt. #57, Exhibit E). As such, it follows the provisions of the State Farm policy, and the Court finds that it is binding, as long as Plaintiff does not prove it was formed by mistake.

However, Plaintiff has presented no evidence that neither the umpire nor Lozos, the signers of the appraisal award, disagree with the appraisal award, or believe that it was entered into as a result of mistake. The evidence before the Court demonstrates that Choate disagreed with the umpire's decision, not that a mistake was made. During the appraisal process, the umpire was presented with the appraisers' competing estimates, and that "[t]he same evidence [as is presented within Plaintiff's motion] was presented to the appraisal panel (including the umpire) by appraiser Choate and addressed in appraiser Lozos' rebuttal report." (Dkt. #60 at p. 5; *see* Dkt. #60, Exhibit 1). After reviewing the evidence presented, the umpire agreed with Lozos' estimate. The umpire's decision to use Lozos' estimate, rather than Choate's, does not mean that the appraisal award resulted from accident or mistake. *See MLCSV10*, 866 F. Supp. 2d at 702.

It is well-settled that a court will not substitute its judgment for that of the appraisers in the absence of a showing that the award was induced by fraud, accident, mistake, or some circumstance that would render it unjust and unfair to one or both of the interest parties. *Providence Wash. Ins. Co. v. Farmers Elevator Co.*, 141 S.W.2d 1024, 1026 (Tex. App.—Amarillo 1940, no writ). Plaintiff has not presented the Court with evidence that a mistake occurred in the determination of the appraisal award; therefore, the Court finds that Plaintiff's motion to set aside the appraisal award should be denied.

*Defendant's Motion for Summary Judgment (Dkt. #58)*

State Farm moves for summary judgment on the following claims: (1) breach of contract; (2) bad faith violations; and (3) prompt payment of claims violations (Dkt. #58).

Breach of Contract

In the present case, State Farm asserts that the Court should grant summary judgment as to Plaintiff's breach of contract claim because State Farm's payment of the appraisal award bars Plaintiff from maintaining the claim (Dkt. #58 at p. 6). Plaintiff asserts that the appraisal award should be set aside, as it was made as the result of mistake, and therefore, Plaintiff's breach of contract claim should remain (Dkt. #59 at pp. 8-9).

Under Texas law, insurance policies are construed under the usual principles of contract law. *Id.* (citing *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 369 (5th Cir. 1998)). Therefore, "[t]he court's primary role is to give effect to the written expression of the parties' intent." *Id.* (citing *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex. 1998)). "In defining the scope of coverage, the court examines the entire policy to determine the true intent of the parties." *Id.* (citing *Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 202 (Tex. 2004)). The court must read the policy as a whole and give effect to each of its contractual provisions, so that none are rendered meaningless. *Id.* (citing *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003)). When a contract is clear and unambiguous, the court enforces it as written. *Id.* (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)). However if an insurance policy is ambiguous, the court must resolve the ambiguity in favor of the insured. *Id.* (citing *Progressive Cty. Mut. Ins. Co. v. Sink*, 107 S.W.3d 547, 551 (Tex. 2003)); *see Mid-Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 491 (5th Cir. 2000) ("In Texas, when an insurance policy is ambiguous or inconsistent,

the construction that would afford coverage to the insured must govern.").

"Under Texas law, to prevail on a breach of contract claim, the plaintiff must prove (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained as a result of the breach." *United Neurology, P.A.*, 101 F. Supp. 3d at 593 (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet denied))); *Quibodeaux v. Nautilus Ins. Co.*, No. 1:10-CV-739, 2015 WL 1406375, at *4 (E.D. Tex. Mar. 25, 2015). "To recover under an insurance policy, a plaintiff must allege facts showing that the alleged damages are covered by his insurance policy." *United Neurology, P.A.*, 101 F. Supp. 3d at 593 (citing *Emp'rs Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1998), *overruled on other grounds by State Farm Fire & Cas. v. Gandy*, 925 S.W.2d 696 (Tex. 1996); *Data Specialties, Inc. v. Transcontinental Ins. Co.*, 125 F.3d 909 (5th Cir. 1997) ("Texas law clearly states that for an insurance company to be liable for breach of its duty to satisfy a claim presented by its insured, the insured must prove that its claim falls within the insuring agreement of the policy. The insurer's duty to indemnify, or provide coverage, is triggered by the actual facts establishing liability in the underlying suit.").

However, "[a]n appraisal clause…'binds the parties to have the extent or amount of the loss determined in a particular way.'" *Quibodeaux*, 2015 WL 1406375, at *4 (quoting *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009) (quoting *In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002))). "The effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court." *Id.* "Though the line between the two is not always clear, the scope of appraisal is limited to questions of damages, not liability." *Id.* (citing *Johnson*, 290

S.W.3d at 889-90).

"To estop a breach of insurance claim a defendant must show '(1) the existence and enforceability of an appraisal award; (2) the timely payment of the award [by the insurer]; and (3) the acceptance of the appraisal award.'" *United Neurology, P.A.*, 101 F. Supp. 3d at 598 (quoting *Gabriel v. Allstate Tex. Lloyds*, No. 7:13-CV-181, 2013 WL 7885700, at *3 (S.D. Tex. Nov. 1, 2013) (citing *Blum's Furniture Co., Inc. v. Certain Underwriters at Lloyds London*, 459 F. App'x 366, 368 (5th Cir. 2012))); *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2004, pet. denied) (insurer met every requirement of the insurance contract where is participated in the appraisal process and paid the appraisal amount set by the appraisers and umpire; because the insurer "complied with every requirement of the contract, it cannot be found to be in breach.")*; see Quibodeaux*, 2015 WL 1406375, at *4. "[W]here the parties disagree on the amount of loss and submit to the contractual appraisal process to resolve the dispute, and the insurer pays all covered damages determined by the award, the insured may not then argue that the initial failure to pay those damages equates to a breach of the contract." *Scalise v. Allstate Tex. Lloyds*, No. 7:13-CV-178, 2013 WL 6835248, at *5 (S.D. Tex. Dec. 20, 2013); *see Quibodeaux*, 2015 WL 1406375, at *4.

"The reason for the estoppel defense is to prevent the insured from taking advantage of the binding appraisal process to determine the value of its claim and then, after the insurer fully pays the appraisal award, suing the insurer for its initial failure to pay." *Quibodeaux*, 2015 WL 1406375, at *5 (citing *Devonshire Real Estate & Asset Mgmt., LP v. Am. Ins. Co.*, No. 3:12-CV-2199-B, 2014 WL 4796967, at *15 (N.D. Tex. Sept. 26, 2014) (citing *Breshears*, 155 S.W.3d at 343)). "The defense applies with special force when the contract the insured claims is being breached provides for resolution of disputes through appraisal." *Id.*

Plaintiff's insurance policy set out the appraisal procedure invoked in the present action (Dkt. #58, Exhibit A). The standard State Farm policy language stated as follows:

> 4. **Appraisal**. If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

(Dkt. #58, Exhibit A at p. 13). The Court has already found that the appraisal award is valid, and should be not set aside. The clause is not ambiguous, and neither party argues otherwise. The independent umpire, Judge Scholer and State Farm's appraiser, Lozos, satisfied the requirements of the policy's appraisal process by signing the appraisal award, even though Plaintiff's appraiser, Choate, refused to sign (Dkt. #58, Exhibit B4). The Court has rejected Plaintiff's argument, in his motion to set aside the appraisal award (Dkt. #57), that the appraisal award was determined as the result of mistake.

Additionally, there is evidence that State Farm paid the appraisal award to Plaintiff (Dkt. #58, Exhibit B5; Dkt. #59, Exhibit 5). Plaintiff does not contend that the appraisal award has not been accepted. However, "[a] number of court have addressed the issue of the insured's rejection of a timely and full payment of the appraisal award amount by the insurer under Texas law and determined that if the appraisal award has been reached in accordance with the terms of the insurance policy and the insurer has timely tendered the full amount awarded by the

appraisers, that conduct is legally sufficient to entitle the insurer to summary judgment on the breach-of-contract claim against it." *United Neurology, P.A.*, 101 F. Supp. 3d at 619; *see, e.g., Providence Lloyds Ins. Co.*, 877 S.W.2d at 875-76 (holding that the appraisal award was made in substantial compliance with the terms of the contract, was not made without authority, and was not the result of fraud, accident or mistake, and is therefore binding, and that appellee should take nothing on its breach of contract claim); *Toonen v. United Servs. Auto. Ass'n*, 935 S.W.2d 937, 940 (Tex. App.—San Antonio 1996, no writ) (holding that the insurer was entitled to summary judgment on the insured's breach of contract claim because it had paid the appraisal award pursuant to the contract); *Caso v. Allstate Tex. Lloyds*, Civ. A. No. 7:12-CV-748, 2014 WL 528192, at *5 (S.D. Tex. Feb. 7, 2014) ("[T]he award remains both binding and enforceable until it is set aside, not withstanding Plaintiffs' rejection of Allstate's tender, an apparently-baseless rejection for which Plaintiffs have not offered an explanation."); *Devonshire*, 2014 WL 4796967, at *18 ("[S]o long as there is a binding and enforceable appraisal award and the insurer timely and full[ly] pays the resulting award, estoppel should apply regardless of whether the insured actually accepts payment."). Therefore, the Court finds that the other two elements have been proven by State Farm, and Plaintiff is estopped from bringing its breach of contract claim.[3] Therefore, the Court finds that Defendant's motion for summary judgment should be granted.

Extra-Contractual Claims

---

[3] In his response, Plaintiff asserts that the breach of contract claim should remain because "State Farm and the Plaintiff disagree as to State Farm's liability under [the Loss Settlement clause of the Policy]." (Dkt. #59 at p. 8). Additionally, Plaintiff contends that "there is a question of policy coverage that cannot be determined by the appraisers or the umpire[]." (Dkt. #59 at p. 8). Plaintiff asserts that *Quibodeaux* is not applicable because "the court found that the Plaintiff[s] had not raised a genuine issue of material fact because they had not presented a claim to the insurance company for contents that were left out of the appraisal award. (Dkt. #59 at p. 9). The Court finds that *Quibodeaux* is applicable. In the present case, State Farm covered hail damage to the roof, gutters, siding, windows, and skylight. The only claim that went through the appraisal process was Plaintiff's claim for damages to the solarium, and State Farm has subsequently paid the appraisal award (Dkt. #59, Exhibit 5). Therefore, the Court finds that Plaintiff is estopped from bringing its breach of contract claims.

State Farm also asserts that the Court should grant summary judgment as to Plaintiffs' extra-contractual claims (*See* Dkt. #58).

"Under Texas law, timely payment of an appraisal award under the policy precludes an award of statutory penalties under the Texas Insurance Code §§ 541 and 542 as a matter of law." *United Neurology, P.A.*, 101 F. Supp. 3d at 598 (citing *Breshears*, 155 S.W.3d at 344; *Amine v. Liberty Lloyds of Tex., Inc.*, 2007 WL 2264477, at *4-6 (Tex. App.—Houston [1st. Dist.] Aug. 9, 2007, no pet.); *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, No. Civ. A. H-09-3479, 2011 WL 819491, at *3 (S.D. Tex. Mar. 2, 2011), *aff'd*, 459 F. App'x 366 (5th Cir. 2012); *Waterhill Cos. Ltd. v. Great Am. Assurance Co.*, Civ. A. No. 05-4080, 2006 WL 696577, at *2 (S.D. Tex. Mar. 16, 2006) (once appraisal is invoked, a delay in payment pursuant to the appraisal process does not constitute a violation of the Texas Insurance Code); *see also Church on the Rock N. v. Church Mut. Ins. Co.*, No. 3:10-CV-0975-L, 2013 WL 497879, at *6 (N.D. Tex. Feb. 11, 2013); *Scalise*, 2013 WL 6835248, at *5. As the Deceptive Trade Practices Act ("DTPA") claims are analyzed under the same standard, the Court finds that those claims are estopped, as well. *See Scalise*, 2013 6835248, at *8. Because Plaintiff's breach of contract claim fails, its extra-contractual claims for bad faith violations under the DTPA and the Texas Insurance Code also fail.

Furthermore, no genuine issue of material facts exists on Plaintiff's prompt payment of claims violation under Chapter 542, as the evidence show that the appraisal provision of the insurance policy was invoked, and State Farm timely paid the appraisal award (Dkt. #58, Exhibit B5; Dkt. #58, Exhibit C; Dkt. #59, Exhibit 5). *Quibodeaux*, 2015 WL 1406375, at *9; *see Medistar Twelve Oaks Partners, Ltd. v. Am. Economy Ins. Co.*, No. H. 09-3828, 2011 WL 3236991, at *9 (S.D. Tex. July 27, 2011) (citing *Breshears*, 155 S.W.3d at 344-45). "Texas

courts considering the [prompt payment] issue have concluded that full and timely payment of an appraisal award under the policy precludes an award of penalties under the [Texas] Insurance Code's prompt payment provisions as a matter of law." *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding); *see Amine*, 2007 WL 2264477, at *4 (Tex. App.—Houston [1st Dist.] Aug. 9, 2007, no pet.) (mem. op.); *DeLaGarza v. State Farm Mut. Auto. Ins. Co.*, 175 S.W.3d 29, 32-33 (Tex. App.—Dallas 2005, pet. denied); *Breshears*, 155 S.W.3d at 344-45. Therefore, Defendant's motion for summary judgment is granted.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Set Aside Appraisal Award (Dkt. #57) is hereby **DENIED**.

It is further **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #58) is hereby **GRANTED**.

It is further **ORDERED** that all of Plaintiff's claims are hereby **DISMISSED** with prejudice.

**SIGNED this 29th day of July, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE